UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| v. | ) | No. 4:20CR00161-01 DPM |
| | ) | |
| | ) | |
| ERIC AARON MCFADDEN | ) | DEFENDANT |

## DEFENDANT'S POSITION PAPER ON OBJECTION TO PRESENTENCE REPORT

Eric Aaron McFadden, through undersigned counsel, respectfully objects to the designation in the presentence report to being a career offender and specifically references the conviction in the Eastern District of Arkansas, case number, 4:03CR00176 as detailed in paragraph 19 and later paragraph 37 of the presentence report.

Mr. McFadden specifically argues that his conviction for conspiracy to distribute and possess with intent to distribute crack cocaine does not qualify as a "controlled substance offense" under the Guidelines.

The United States Sentencing Guidelines Manual provides that a defendant will be sentenced as a career offender if, among other requirements, the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *U. S. Sentencing Guidelines Manual § 4B1.1(a)(3).* U. S. Sentencing Guidelines Manual § 4B1.2(b) defines a "controlled substance offense" as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a

counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. U. S. Sentencing Guidelines Manual § 4B1.2, cmt., application n.1 additionally provides that a controlled substance offense includes the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.

To determine whether a conviction under an asserted predicate offense statute constitutes a controlled substance offense as defined by the United States Sentencing Guidelines Manual, a court will employ the categorical approach. If the least culpable conduct criminalized by the predicate offense statute does not qualify as a controlled substance offense, the prior conviction cannot support a career offender enhancement.

The Guidelines originated with the Sentencing Reform Act of 1984, when Congress tasked the Commission with creating sentencing ranges for various offenses. *Stinson v. United States*, 508 U.S. 36, 40-41, 113 S.Ct. 1913, 123 L. Ed. 2d 598 (1993). While the Commission is authorized to amend the Guidelines on its own, it must allow Congress six months to review any amendments, and also to allow any amendments to go through a period of notice and comment. *28 U.S.C. § 994(p)*. While sentencing courts have discretion to deviate from the Guidelines recommendation, that discretion is somewhat limited. A sentencing judge "cannot stray from a defendant's Guidelines range, for example, without first giving an adequate explanation." *Ibid*.

In addition to the Guidelines themselves, the Commission has included "application notes" and "commentary" intended to interpret, explain, or otherwise aid the sentencing court in choosing a sentence. *U.S.S.G. § 2B1.1 cmt. nn.1-8*. This "commentary," however,

is not subject to the same procedural safeguards as the Guidelines themselves. The Commission may amend the commentary unilaterally, without notice and comment or Congressional review. While some courts initially doubted whether sentencing courts were bound by the commentary's interpretation of the Guidelines, the Supreme Court ultimately held that sentencing courts owe the commentary the same kind of deference owed to an agency's interpretation of its own regulations in other contexts. *Stinson*, 508 U. S. at 45.

However, the Supreme Court's recent decision in *Kisor v. Wilkie,* 139 S.Ct. 2400, 204 L. Ed. 2d 841 (2019), has altered the level of deference a sentencing court owes to the Guidelines commentary. Stinson instructed the Courts to apply what was called Auer deference. *Auer v. Robbins*, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L. Ed. 2d 79 (1997). Kisor concerned whether Auer deference should remain a factor when interpreting agency regulations. The motivating principle of Auer deference is "rooted in a presumption about congressional intent – a presumption that Congress would generally want the agency to play the primary role in resolving regulatory ambiguities." 139 S. Ct. at 2412. This presumption is partly due to a feeling that the agency that developed a rule is in a better position to understand what it means, but also "stems from the awareness that resolving genuine regulatory ambiguities often 'entail[s] the exercise of judgment grounded in policy concerns.'" Id at 2413 (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S. Ct. 2381, 129 L. Ed 2d 405 (1994)).

3

A court cannot reflexively defer to an agency's interpretation. "First and foremost, a court should not afford Auer deference unless the regulation is genuinely ambiguous." Id at 2415. A court cannot defer to the agency "if there is only one reasonable construction of a regulation." "And before concluding that a rule is genuinely ambiguous, a court must exhaust all the 'traditional tools' of construction." *Ibid*. (quoting *Chevron USA., Inc. v. Nat. Res. Def. Council, Inc*., 467 U.S. 837, 843, n.9, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1994)). That strategy requires the court to "carefully consider [] the text, structure, history, and purpose of a regulation." *Ibid*.

While determining if the rule is "genuinely ambiguous," is the first step, the agency's reading must still be reasonable and come within the zone of ambiguity the Court has identified after employing all its interpretive tools. The traditional tools of construction – and commonsense – dictate that a definition which declares what a term means excludes any meaning that is not stated.

Initially, courts read Stinson to support a holding that an inchoate crime like attempt or conspiracy did constitute a "controlled substance offense," because the commentary to U.S.S.G. § 4B1.2(b) so stated. In 2018, the D. C. Circuit became the first court to reject this view. *See United States v. Winstead*, 890 F.3d 1082, 435 U. S. App. D. C. 395 (D.C. Cir. 2018). The Winstead court concluded that there is no question… the commentary [to U.S.S.G. § 4B1.2(b)] adds a crime, 'attempted distribution' that is not included in the guideline." *Id*. at 1090. Because U.S.S.G. § 4B1.2(b) "presented a very detailed 'definition' of controlled substance offense that clearly excludes inchoate offenses," the D.C. Circuit held that the Commentary's inclusion of such offenses had no "grounding in

4

the guidelines themselves," and thus U.S.S.G. § 4B1.2(b) and its Commentary were inconsistent. *Id*. at 1091-92.

The Eighth Circuit has continued to hold that inchoate crimes like attempt and conspiracy qualify as controlled substance offenses under U.S.S.G. § 4B1.2(b). However, the Sentencing Guidelines parallel definition of "crime of violence" immediately prior to the definition of a "controlled substance offense" explicitly includes attempt offenses. See U.S.S.G. § 4B1.2(a)(1) ("crimes of violence" include offenses involving the "attempted use… of physical force against the person of another" (emphasis added)). "A textual judicial supplementation is particularly inappropriate when, as here, [the drafter] has shown that it knows how to adopt the omitted language or provision" in nearby passages. *Rotkiske v. Klemm*, 140 S.Ct. 355, 361, 205 L. Ed. 2d 291 (2019); see also *United States v. Haas*, 986 F.3d 467, 479 (4th Cir. 2021). The canon of expressio unius est exclusio alterius… advises that when language is used in one part of a Guidelines provision and not in another, the exclusion is presumed intentional."

Accordingly, for the reasons stated, Mr. McFadden is not a career offender, and his criminal history category should be III, with a total offense level of 14.

        Respectfully Submitted,

        LISA G. PETERS
        FEDERAL DEFENDER

By:   <u>Chris Tarver</u>
        Bar Number 87170
        Senior Litigator
        The Victory Building, Suite 490
        1401 West Capitol Avenue
        Little Rock, AR 72201
        (501) 324-6113
        E-mail: chris_tarver@fd.org

For:  Eric Aaron McFadden, Defendant